IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>777 San Marin Dr.<br>Novato, CA 94945 | )<br>)<br>)<br>)<br>) | CASE NO. 1:14-cv-733<br><br>JUDGE: |
| Plaintiff, | )<br>) | **COMPLAINT** |
| v. | )<br>) | **[Jury Demand Endorsed Hereon]** |
| CINCINNATI HOLDING COMPANY, LLC<br>c/o David S. Blessing, Esq.<br>119 East Court Street, Suite 500<br>Cincinnati, OH 45202 | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") states for its Complaint against Defendant Cincinnati Holding Company, LLC ("Cincinnati Holding") as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Fireman's Fund is a corporation organized pursuant to the laws of the State of California, with its principal place of business in Novato, California. Fireman's Fund is engaged in the business of insurance in Ohio.

2.    Cincinnati Holding is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Floral Park, New York.  Upon information and belief, the members of Cincinnati Holding are residents of a state other than California.

3.    Cincinnati Holding owns and operates Forest Fair Village ("Forest Fair"), a shopping mall in Forest Park, Ohio.

4.    The matter in controversy involves parties among whom complete diversity of citizenship exists and exceeds the sum value of $75,000, exclusive of interest and costs.

1

5. The matter in controversy involves a declaration of rights, duties, and obligations under an insurance policy pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

6. The Court is vested with jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 and 2201.

7. Venue of this matter is proper pursuant to 28 U.S.C. § 1391.

## II. FACTS

8. Fireman's Fund issued Policy No. S66DXX80945171 to Cincinnati Holding, effective October 8, 2012 to October 8, 2013 ("Policy").

9. Upon information and belief, from early 2013 until October 9, 2013, Carl Cox ("Cox") was employed by Cincinnati Holding.

10. Upon information and belief, Cox's duties during his employment with Cincinnati Holding included maintaining the rooftop HVAC units at Forest Fair.

11. During his employment with Cincinnati Holding, Cox stole pipes, wires, coils, and other components from thirteen HVAC units that served vacant areas of Forest Fair ("Theft").

12. On October 30, 2013, a criminal complaint was filed against Cox in the Hamilton County Municipal Court ("Municipal Court"), alleging that Cox, having stolen "copper and aluminum metal/wire (from roof top air conditioning units)" at Forest Fair, committed theft in violation of R.C. § 2913.02, a felony of the fourth degree.

13. On October 30, 2013, Detective Phil Crowley of the Forest Fair Police Department filed an Affidavit in the Municipal Court ("Affidavit") stating that Cox "did knowingly remove copper, aluminum, and metal wire from thirteen industrial roof top air

conditioning units. The thirteen units were dismantled and had all copper and aluminum cut out of them. All thirteen AC Units were located on top of vacant businesses within Cincinnati Mills Mall."

14. On March 12, 2014, Cox was indicted in the Court of Common Pleas of Ohio for Hamilton County and was charged with one count of vandalism and one count of theft ("Indictment").

15. On August 11, 2014, Cox pleaded guilty to theft.

16. Cox was found guilty of theft, the vandalism count was dismissed, and on August 25, 2014 he was sentenced.

17. By letter of September 12, 2014, Fireman's Fund declined coverage for Cincinnati Holding's claim for loss caused by and/or resulting from Cox's Theft.

18. An authentic duplicate of the Policy is attached as Exhibit 1.

19. An authentic duplicate of Fireman's Fund's September 12, 2014 letter is attached as Exhibit 2.

20. A certified copy of the criminal complaint is attached as Exhibit 3.

21. A certified copy of the Affidavit is attached as Exhibit 4.

22. A certified copy of the Indictment is attached as Exhibit 5.

23. A certified copy of the Court of Common Pleas of Hamilton County, Ohio's Judgment Entry is attached as Exhibit 6.

25. An actual justiciable controversy exists as to whether the Policy provides coverage for Cincinnati Holding's claim for loss or damage caused by or resulting from Cox's Theft.

557961_2

### III. COUNT I

26. Fireman's Fund restates Paragraphs 1 through 25 of its Complaint.

27. The Policy provides, in pertinent part:

> **Property-Gard Select Real and Personal Property Coverage Section**
> **19001 05 94**
>
> \* \* \*
>
> A. **Covered Causes of Loss**
>
> This Coverage Section insures all risks of direct physical loss or damage, except as excluded or limited elsewhere in this Coverage Section, provided such loss or damage occurs during the term of this policy, to covered property at the location(s) described in the Declarations.
>
> \* \* \*
>
> D. **Exclusions**
>
> \* \* \*
>
> 2. This Coverage Section does not insure against loss or damage caused by or resulting from any of the following:
>
> \* \* \*
>
> d. Dishonest or criminal acts by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:
>
> (1) Acting alone or in collusion with others; or
>
> (2) Whether or not occurring during the hours of employment.
>
> This exclusion does not apply to Covered Property that is entrusted to others who are carriers for hire or to acts of destruction by

4

your employees. However, theft by employees is not covered.

28. Fireman's Fund is entitled to a declaration that Cincinnati Holding is not entitled to coverage under the Policy for the loss or damage caused by or resulting from Cox's Theft because coverage for such claim is precluded by Exclusion 2.d. of the Policy.

WHEREFORE, Fireman's Fund respectfully demands the following relief:

1. Declaratory judgment that Cincinnati Holding's claim for loss or damage caused by or resulting from Cox's Theft is excluded from coverage by Exclusion 2.d. of the Policy;

2. Costs;

3. Reasonable attorney fees; and

4. Any other relief the Court deems equitable and just.

Respectfully submitted,

*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
Email: Steven.Janik@janiklaw.com
Crystal.Maluchnik@janiklaw.com

*Attorneys for Plaintiff Fireman's Fund Insurance Company*


## **JURY DEMAND**

A jury trial is hereby demanded.

*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)

5

557961_2